11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Simplicio D. MINDANA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3073.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1993.
 
 Before RICH, MICHEL, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Simplicio D. Mindana (Mindana) petitions for review of the October 4, 1991, decision of the Merit Systems Protection Board, No. SE08319110178, dismissing his appeal for lack of jurisdiction on the ground that his claim for retirement benefits was not the subject of a final decision by the Office of Personnel Management (OPM), and "forwarding" his petition to OPM for consideration. We affirm.
 
 DISCUSSION
 
 2
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 The Board's jurisdiction is limited to that specifically granted to it by law, rule or regulation. 5 U.S.C. Sec. 7701(a) (1988). The Board may not adjudicate an appeal by an individual whose rights or interests are affected by an OPM action under the Civil Service Retirement System until a final (reconsideration) decision has been issued by the OPM. See 5 U.S.C. Sec. 8347(d)(1) (1988); 5 C.F.R. Secs. 831.109, 831.110 (1993).
 
 
 4
 On December 31, 1990, Mindana filed an appeal with the MSPB seeking a retirement annuity under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8300, et seq. Mindana based his claim upon alleged civilian service, from October 19, 1935, to August 25, 1941, as a laborer constructing the National Road of Dapa, Surigas del Norte, Philippines, and purported military service from September 5, 1941, to December 30, 1945, with the Philippine Army and the United States Armed Forces in the Far East.
 
 
 5
 Regarding Mindana's military service, the Administrative Judge (AJ) determined that portion of his claim to be barred by res judicata. The AJ correctly found that the creditability of Mindana's military service, for purposes of calculating CSRA benefits, had been litigated as it was the subject of a January 19, 1989, decision by the MSPB that became final on October 6, 1989. See West v. U.S. Postal Service, 44 M.S.P.R. 551 (1990).
 
 
 6
 Regarding Mindana's claimed service as a road construction laborer, the OPM requested that this petition be dismissed because this portion of the claim was not first subject to a final (reconsideration) decision by the OPM, wherefore the MSPB lacks jurisdiction. The AJ correctly determined that, because the OPM had not issued an initial or final reconsideration decision on the creditability of Mindana's claimed service as a laborer, the MSPB lacked jurisdiction. Therefore, the AJ did not err in concluding that Mindana had failed to satisfy the jurisdictional prerequisites of the board.
 
 
 7
 The AJ dismissed the appeal and "forwarded" the petition for review to the OPM for initial consideration of creditability under the CSRA of his alleged civilian service. Thereafter, Mindana requested a review by the full board which was denied and the initial decision became final.
 
 
 8
 Mindana contends that the board erred because "instead of letting the USA Office of Personnel Management ... make or issue a FINAL DECISION on the credi[ta]bility of my service record as a federal employee ... the MSPB wrongly referred me to other offices." Furthermore, Mindana contends that "[t]he MSPB applied the wrong law in that instead of remanding the case back to the OPM, it continuously referred me to wrong offices creating confusions in order to deviate main issues...." However, the relief Mindana sought was what the board in fact ordered. The board ordered the matter forwarded to the OPM for consideration. Mindana requests this court to remand his claim to the OPM so that creditability for his service may be determined. The OPM, in a letter dated January 30, 1991, to the MSPB copied to Mindana, indicated that upon dismissal, it would issue an initial decision. There is no evidence in the record to the contrary. Accordingly, this matter was properly dismissed by the Board.
 
 
 9
 In summary, the record discloses the Board's decision was lawful, supported by substantial evidence, and not an abuse of discretion. Accordingly, we affirm.